IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RUFUS RALPH JONES                                    PLAINTIFF

v.                  CIVIL NO. 06-2034

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff Rufus Ralph Jones brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 16, 2004, alleging an inability to work since September 1, 2003, due to hypertension and a seizure disorder. (Tr. 49-52, 170-173). An administrative hearing was held on September 6, 2005. (Tr. 179-190). Plaintiff was present and represented by counsel.

By written decision dated September 25, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 20). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the

level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform the exertional requirements of a wide range of medium work with limitations in avoiding even moderate exposure to hazards. The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled.

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on March 17, 2006. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 11, 12).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). It is incumbent upon the ALJ to establish by medical evidence that the

claimant has the requisite RFC. If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984).

The medical evidence establishes plaintiff has been diagnosed with a convulsive disorder manifested by complex partial seizures. The most recent medical evidence dated June 21, 2005, indicates plaintiff's medical regimen consisted of Topamax, Dilantin, Tegretol and Keppra for his seizures and Mavic for his blood pressure. (Tr. 167). In March of 2001, Dr. L. Gordon Sasser III, restricted plaintiff from driving. (Tr. 122). In March of 2004, Dr. William L. Griggs, recommended plaintiff avoid doing "activities in which loss of consciousness could be harmful to him or others." (Tr. 146).

In determining plaintiff could perform medium work with limitations in avoiding even moderate exposure to hazards, which include working around heights and moving machinery, the ALJ relied upon the RFC assessment completed by Dr. William F. Payne, a non-examining medical consultant. (Tr. 131-138). *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

After reviewing the record as a whole, we are troubled by the ALJ's failure to include the limitations set forth by plaintiff's treating physicians when determining plaintiff's RFC. In March of 2004, Dr. Griggs recommended that plaintiff avoid doing any activities where a loss of consciousness could be harmful to plaintiff or others. The ALJ did include limitations from working around heights or moving machinery in plaintiff's RFC; however, he failed to take into consideration other activities that could result in harm to plaintiff or others should plaintiff lose

4

consciousness while performing those activities. We believe remand is warranted so that the ALJ can address interrogatories to Dr. Griggs requesting that he complete a RFC assessment and opine as to whether plaintiff's seizures would limit his ability to work. *See Smith v. Barnhart*, 435 F.3d 926, 930-931 (8th Cir. 2006) (remanding case for further development of the record where plaintiff's treating physician stated that, due to a seizure disorder, plaintiff should not use a stove); *See Greene v. Sullivan,* 923 F.2d 99, 102 (8th Cir.1991) (remanding for further development of the record where claimant suffered from several seizures and claimant's neurologist suggested occupational limitations based on claimant's propensity to seizures).

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### Conclusion:

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of January 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)